# FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC 11 2018

Judge Edmond E. Chang
United States District Court

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18 CR 478 |
| v. | Judge Edmond E. Chang |
| QUAN SHUN CHEN | |

## PLEA AGREEMENT

1.      This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant QUAN SHUN CHEN, and his attorney, MICHAEL RAFF, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

## Charges in This Case

2.      The indictment in this case charges defendant with filing a false corporate income tax return, in violation of Title 26, United States Code, Section 7206(1) (Counts 1-5) and aiding and assisting in the preparation of a false corporate income tax return, in violation of Title 26, United States Code, Section 7206(2) (Count 6).

3.      Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.      Defendant fully understands the nature and elements of the crimes with which he has been charged.

## **Charge to Which Defendant Is Pleading Guilty**

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count Three, which charges defendant with filing a false corporate income tax return (Form 1120 with schedules and attachments) which was verified by a written declaration that it was made under penalties of perjury, and which defendant did not believe to be true and correct as to every material matter, in violation of Title 26, United States Code, Section 7206(1).

## **Factual Basis**

6.     Defendant will plead guilty because he is in fact guilty of the charge contained in Count Three of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline §1B1.3:

On or about June 1, 2015, in the Northern District of Illinois, Eastern Division, defendant QUAN SHUN CHEN willfully made and subscribed, and caused to be made and subscribed, a U.S. Corporate Income Tax Return for Hunan Spring, Inc. (Form 1120 with schedules and attachments), for the fiscal year beginning March 1, 2014 and ending February 28, 2015, which return was verified by a written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, which return CHEN did not believe to be true and correct as to every material matter, in that said return reported on Line 1a that gross receipts were $635,044, when CHEN knew that gross receipts substantially exceeded that amount.

2

Specifically, CHEN was the sole officer and director of Hunan Spring, Inc., an Illinois corporation that owned Hunan Spring Restaurant, located in Evanston, Illinois, and was an officer and director of the successor corporation, Hunan Spring Restaurant Inc., an Illinois corporation that, since it was incorporated in 2015, owned Hunan Spring Restaurant. CHEN managed the restaurant, was primarily responsible for its financial affairs and was the responsible party for the tax returns.

CHEN knowingly provided false handwritten and verbal information to a tax preparer for the preparation of corporate tax returns that falsely reflected gross receipts of Hunan Spring Restaurant lower than the actual gross receipts. CHEN signed or authorized the filing of a United States corporate tax return (Form 1120) for Hunan Spring, Inc. for the fiscal year beginning on or about March 1, 2014 through on or about February 28, 2015. CHEN, under penalties of perjury, stated on Line 1a of that return that gross receipts were $635,044, when CHEN did not believe that the reported amount of gross receipts was true and correct in every material matter because he knew that this figure underreported the true amount of gross receipts.

In addition, CHEN signed the following Forms 1120, U.S. corporate income tax returns, under penalties of perjury, as set forth in Counts 1, 2, 4 and 5 of the indictment, stating gross receipts of Hunan Spring Restaurant as follows, when CHEN did not believe that the reported amount of gross receipts was true and correct in every material matter:

3

| Count | Date return filed | Tax Period & Entity Filing | Line & Amount of Material Misstatement |
|-------|-------------------|---------------------------|----------------------------------------|
| 1 | 5.6.2013 | 3.1.2012-2.28.2013 Hunan Spring, Inc. | Line 1a gross receipts: $433,973 |
| 2 | 5.08.2014 | 3.1.2013-2.28.2014 Hunan Spring Inc. | Line 1a gross receipts: $515,592 |
| 4 | 7.26.2016 | 3.1.2015-2.28.2016 Hunan Spring Inc. | Line 1a gross receipts: $157,740 |
| 5 | 10.10.2016 | 2015 calendar Hunan Spring Restaurant Inc. | Line 1a gross receipts: $422,624 |

In addition, CHEN aided and assisted in the preparation and presentment of a Form 1120 U.S. corporate income tax return filed on behalf of Hunan Spring Restaurant, Inc. for the calendar year 2016, by providing the information to the tax preparer including false gross receipts, which return was filed on or about November 6, 2017, and which return falsely reported on Line 1a that the amount of gross receipts for Hunan Spring Restaurant for 2016 was $995,498.

It is the government's position that CHEN underreported gross receipts for Hunan Spring Restaurant from 2012 through 2016 in the amount of at least approximately $1,068,615.46, resulting in total federal income tax loss in the amount of at least approximately $340,577. CHEN disagrees and reserves the right to object at sentencing to the government's calculation of the tax loss.

CHEN failed to report accurately to the Illinois Department of Revenue the gross revenues generated by Hunan Spring Restaurant for the years 2012 through 2016, specifically for Hunan Spring, Inc. for the years beginning March 1, 2012 through February 28, 2016, and for Hunan Spring Restaurant, Inc., for the calendar

years 2015 and 2016, and failed to pay fully Illinois state income taxes due and owing for that time period. It is the government's position that CHEN failed to pay at least approximately $68,282 in Illinois state corporate income taxes and at least approximately $76,272 in Illinois state sales taxes due for the years 2012 through 2016 for the Hunan Spring entities.

It is the government's position that the total tax loss resulting from the offense conduct and relevant conduct is at least approximately $485,131. CHEN disagrees and reserves the right to object to the government's calculation of all loss amounts at sentencing.

## **Maximum Statutory Penalties**

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a. A maximum sentence of 3 years' imprisonment. This offense also carries a maximum fine of $250,000, or twice the gross gain or gross loss resulting from that offense, whichever is greater. Defendant further understands that the Court must order costs of prosecution, estimated not to exceed $500. Defendant further understands that the judge also may impose a term of supervised release of not more than one year.

b. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8.    Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9.    For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

**Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2018 Guidelines Manual.

6

a.     **Offense Level Calculations**.

i.     It is the government's position that the base offense level is 18, pursuant to Guideline §§ 2T1.1(a)(1) and 2T4.1(G), because the loss amount is more than $250,000 but not more than $550,000. Defendant reserves the right to object to the loss amount at sentencing.

ii.     If the Court determines that defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iii.     If the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level under Guideline § 3E1.1(a).

b.     **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

c.     **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the government reserves

the right to argue that the anticipated offense level is 18, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 27 to 33 months' imprisonment, in addition to any supervised release and fine the Court may impose. If the Court determines that defendant should receive a reduction for acceptance of responsibility, the anticipated offense level is 15, which results in an advisory guidelines range of 18 to 24 months' imprisonment.

        d.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

        10.    Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office

or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Regarding restitution, defendant agrees to pay restitution to the United States Treasury and the Illinois Department of Revenue, arising from the offense and relevant conduct set forth above, in an amount to be determined by the Court at sentencing, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664. Defendant understands that the amount of tax loss as calculated by the Internal Revenue Service may exceed the amount of tax due as calculated for restitution in this criminal case. Defendant further understands that the IRS may use the restitution order as a basis for civil assessment pursuant to Title 26, United States Code, Section 6201(a)(4).

14. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18,

9

United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15.    Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16.    Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613 and 3664(m), and the IRS may collect the full amount of the restitution-based assessment pursuant to Title 26, United States Code, Section 6331, notwithstanding any payment schedule set by the Court.

17.    After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment.

**Acknowledgments and Waivers Regarding Plea of Guilty**

**Nature of Agreement**

18.    This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 18 CR 478.

19.    This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim,

10

demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

20.     Defendant understands that nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties from defendant and his spouse or defendant's partnership or corporations.    Defendant understands that the amount of tax as calculated by the IRS may exceed the amount of tax due as calculated in the criminal case.

## Waiver of Rights

21.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.     The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would

11

participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

       iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

       iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

       v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

       vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

b.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

c.     **Appellate rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may appeal only the validity of this plea and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

d.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

22.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

23.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office

regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

24.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

25.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

26.     Defendant agrees to cooperate with the Internal Revenue Service in any tax examination or audit of defendant and defendant's partnerships or corporations which directly or indirectly relates to or arises out of the course of conduct that defendant has acknowledged in this Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records that the IRS may request.

27.     Defendant will not object to a motion brought by the United States Attorney's Office for the entry of an order authorizing disclosure of documents, testimony and related investigative materials which may constitute grand jury material, preliminary to or in connection with any judicial proceeding, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). In addition, defendant will not object to the government's solicitation of consent from third parties who provided records or other materials to the grand jury pursuant to grand jury subpoenas, to turn those materials over to the Civil Division of the United States Attorney's Office, or an appropriate federal or state agency (including but not limited to the Internal Revenue Service), for use in civil or administrative proceedings or investigations, rather than returning them to the third parties for later summons or subpoena in connection with a civil or administrative proceeding involving, or investigation of, defendant and his spouse or defendant's partnerships or corporations. Nothing in this paragraph or the preceding paragraph precludes defendant and his spouse or defendant's partnerships or corporations from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

15

28.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to an offense that is an "aggravated felony" as that term is defined in Title 8, United States Code, Section 1101(a)(43), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his automatic removal from the United States.

### Conclusion

29.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

30.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement.

16

Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

31. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

32. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

33.    Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.


AGREED THIS DATE:  Dec. 11, 2018


JOHN R. LAUSCH, JR.                          QUAN SHUN CHEN
United States Attorney                       Defendant

SHERI H. MECKLENBURG                         MICHAEL RAFF
Assistant U.S. Attorney                      Attorney for Defendant

18