UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 478 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| QUAN SHUN CHEN | ) | |

**GOVERNMENT'S REPLY MEMORANDUM
IN SUPPORT OF SENTENCING OF QUAN SHUN CHEN**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby replies to defendant's sentencing memorandum as follows:

**I.     DEFENDANT CONTINUES TO MINIMIZE HIS CONDUCT**

Defendant minimized his conduct at the time of his initial interview with the agents, as set forth in the government's initial sentencing memorandum. Defendant minimized his conduct in his version of the offense. Defendant continues to minimize his conduct in his sentencing memorandum, denying that he had the "intention" to defraud the government. Defendant's Sentencing Brief ("Def. Br.") at p. 4 ("Quan never intended to deceive or defraud the United States or the State of Illinois. . . "). Defendant continues to blame his accountant. Def. Br. p. 4 ([the accountant] never asked for a copy of the Hunan Spring Z Tapes nor a copy of the Hunan Spring Point of Sale system records."). Now, he even attempts to blame his deceased brother. Def. Br. p. 6 ("[Chen} found himself in a bad position of continuing accounting practices which had been put into place for years before he was in charge . . ") The fact is that defendant Chen repeatedly misstated his revenues to

1

his accountant each year for a period of years to reduce his tax liability. He did not just sign false returns; he provided the information that created the false returns. After the agents executed the search warrant, defendant accurately reported his taxes, thereby demonstrating his knowledge and ability to report his taxes properly.

It is difficult to determine if defendant's minimization of his conduct in his sentencing memorandum is the product of attorney advocacy or reflects defendant's lack of acceptance of responsibility. Therefore, at this time, the government is not taking the position that defendant has not accepted responsibility. Instead, the government is raising the issue in this memorandum, so that defendant and his counsel can recognize the issue and proceed accordingly at sentencing.

In addition, defendant denies that he deleted orders from his POS System, or even knew how the system worked. Deletion of the orders from the POS system is not an element of the offense and was not the means by which defendant committed the offense. Rather, defendant provided his accountant with his own estimates of revenues, consistently less than actual revenues, but he did not rely on the POS system for numbers. Therefore, the government does not ask the Court to consider the deletions from the POS system at sentencing and withdraws argument regarding defendant's deletions of orders on the POS system.[1]

---

[1] After defendant's most recent denials, the agents reinterviewed the seller of the POS system, and although the POS seller remains steadfast that he discussed the deletions software with defendant, the POS seller appears to be confused (either initially or in his latest interview) as to certain aspects of his interaction with defendant, primarily the timeline. Therefore, the government is not relying on the statements of the POS seller regarding defendant's deletions of orders. The government also does not intend to argue the other evidence of deletions attributable to defendant because, as noted above, the government is not asking the Court to consider the POS deletions at sentencing.

## II. THE APPROPRIATE SENTENCE HERE INCLUDES A PERIOD OF IMPRISONMENT

Defendant committed criminal conduct for several years, with the loss amount of $454,662. The guidelines recommend a sentence of 27 to 33 months' imprisonment for such a crime. Defendant seeks to decriminalize and trivialize tax law violations, urging this Court to impose a sentence of probation only, with no imprisonment. Defendant relies on sentences in unrelated cases for this decriminalization.

Defendant, in support of his extraordinary request, compares himself to a few select defendants who received non-custodial sentences. The government could easily refer the Court to tax defendants who received custodial sentences. See *United States v. Jordan Eckerling*, 18 CR 002 (after an information and plea to one count of tax evasion, with guidelines of 30 to 37 months, defendant received a sentence of 24 months' imprisonment); *United States v. Shabir Khan*, 13 CR 0876 (after pleading to a misdemeanor tax violation with guidelines of 12 to 18 months, defendant received a sentence of 6 months' imprisonment). However, citations by either side to other cases without a complete knowledge of the underlying facts presented to the sentencing court in the PSR and by the parties provides no reliable guidance and is unhelpful. Nonetheless, defendant stands in different shoes than those defendants to whom he cites, and the Court should not be misled into believing that the sentences imposed in the selected cases should justify his extraordinary request.

3

For instance, defendant cites *United States v. Sandra Sanchez*, 18 CR 474, for its noncustodial sentence. Def. Br. p. 8. The defendant there cooperated from the beginning, including immediately providing an unprotected proffer; defendant here from the start was not forthcoming with the agents. Defendant Sanchez's loss amount and guidelines (18 to 24 months) were lower than defendant' here (27 to 33 months). There also were Section 3553(a) factors in that case different from here, such as the fact that defendant there was a single mother to a minor child.

Defendant also cites *United States v. Lee Lee Foong*, 18 CR 50030 for its sentence of probation. Def. Br. p. 8. In that case, the government recommended a sentence of probation. *See* Docket No. 110. The public record is silent on the sentencing factors.

The case involving Ty Warner (Def. Br. at p. 8) also provides no valuable guidance, because that case involved an individual who failed to report the existence of an offshore account as opposed to this defendant skimming cash and underreporting revenues. Unlike the defendant here, Warner attempted to voluntarily disclose his off-shore account and become tax compliant before being contacted by the IRS. Warner was denied participation in the Offshore Voluntary Disclosure Program and was prosecuted after his application was denied.

Once again, the mere fact that other individuals received other sentences by and of itself establishes little, other than the courts have imposed sentences below the applicable guideline range in certain circumstances that do not appear to mirror this case. The facts here show that for an extended period, defendant routinely and

4

consistently defrauded the U.S. Treasury and State of Illinois of revenue in the total amount of $454,662.

Tax offenses are neither victimless nor without consequence. Defendant expects the government to provide him with services and protections yet he is unwilling to pay his fair share, shifting the burden to law-abiding citizens who make an effort to comply with the tax code. The fact that the defendant had the ready ability to pay but simply chose to use his funds for other purposes, including remodeling his restaurant, makes his conduct more egregious than instances in which a defendant's ability to pay was compromised or impossible.

The courts should not discount tax violations and expect the public at large to believe in the tax system, which largely operates on voluntary reporting. General deterrence is a significant factor in tax cases and is particularly significant here, where defendant is engaged in a cash industry. If this defendant is not punished adequately, other taxpayers, particularly those in the same cash industry as defendant, will believe that they, too, can attempt to avoid paying their fair share of taxes and simply pay a fine if caught. The reality of imprisonment constitutes the strongest deterrent for those in a cash business from committing tax violations. Only a sentence of imprisonment here "will stand as the prime example for others in the restaurant business to steer clear of any involvement in the misreporting of income." *See* Def. Br. at p. 6.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court sentence the defendant to a sentence of imprisonment that is sufficient but not greater than necessary to serve the purpose of the Section 3553(a) factors,

                                                            Respectfully submitted,

                                                            JOHN R. LAUSCH, JR.
                                                            United States Attorney

By:    */s/ Sheri H. Mecklenburg*
        SHERI H. MECKLENBURG
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5300